UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ryan Davis,                                                  Case No. 3:19-cr-357

        Petitioner–Defendant,

v.                                                       MEMORANDUM OPINION
                                                              AND ORDER
United States of America,

        Respondent–Plaintiff.

## I.    Introduction

Petitioner Ryan Davis filed a motion for relief under 28 U.S.C. § 2255, asserting his sentence should be vacated because he received ineffective assistance of trial counsel. (Doc. No. 23). The government opposes Davis's motion. (Doc. No. 25). For the reasons stated below, I deny the motion.

## II.    Background

On June 5, 2019, Davis was charged by indictment with one count of coercion or enticement in violation of 18 U.S.C. § 2422(b) ("Count 1"), and one count of receipt or distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) ("Count 2"). (Doc. No. 1). The conduct charged in Count 1 arose from an undercover operation in which Davis corresponded with a law enforcement officer posing as a 14-year-old girl named "Jordan" and sought to persuade Jordan to engage in sexual activity. (*Id.* at 1; Doc. No. 14 at 5).

Davis communicated with Jordan on two text messaging apps between April 24 and April 30, 2019. Davis learned early in their conversations that Jordan was 14 years old, but he suggested

to Jordan she could make money by "modeling, becoming a YouTube or Instagram star[,] and [by doing] 'x rated things.'" (*Id.*). Davis told Jordan he might pay her $50 for a half hour of her time and asked her if she had ever had sex. (*Id.*). Davis also mentioned he had toys Jordan might like and that he would not use anything she would not enjoy. Davis sent Jordan pictures of himself and asked her to send him a picture of her vagina. (*Id.*). He later told Jordan that she should tell people he was only 17 years old, though he admitted to Jordan he was 29.

Davis made plans to meet Jordan for sex. Davis offered to pick Jordan up and take her back to his house, where he would help her shave her vagina and have sex with her before taking her back home. (*Id.*). After Jordan offered to meet Davis at her house, Davis told Jordan to be sure her mother would not be there, because he could go to jail if they were caught having sex. (*Id.*). He asked Jordan to send him a nude picture of herself so he would know the conversation was not a set up. (*Id.*). When Jordan responded she thought their plans were a bad idea, Davis reassured her and Davis also told Jordan he previously had sex with a 14-year-old girl in exchange for a place to live. (*Id.*).

On April 30, 2019, Davis arrived at the agreed-upon meeting place in Toledo, Ohio. When Davis texted Jordan to say he was there, law enforcement officers arrested him. A search of his vehicle uncovered a vibrator, black rope, a blindfold, shaving cream, and a razor. (*Id.* at 6). Davis claimed he did not intend to have sex with Jordan, but that he planned to leave a note for her mother warning her of Jordan's online activity. (*Id.*). He later admitted he previously engaged in sexual activity with a 14-year-old girl when he was 26. (*Id.*).

In Count 2, Davis was charged with knowingly receiving and distributing visual depictions of minors engaged in sexually explicit conduct, including prepubescent minors. (Doc. No. 1 at 2). This charge arose after officer searching his home after his arrest found 19 videos and 35 images of child pornography on his electronic devices. (Doc. No. 14 at 6).

Davis pled guilty to both counts of the indictment without a plea agreement. (*See* non-document entry dated December 18, 2019). On August 13, 2020, I sentenced Davis to 144 months in custody and 10 years of supervised release on each of the counts, with the sentences to run concurrently. (Doc. No. 18-1 at 2-3). He did not appeal.

Davis filed a timely motion to vacate his sentence pursuant to § 2255, claiming he received ineffective assistance of counsel because his trial attorney did not enter objections to the presentence investigation report or during the sentencing hearing, which prevented him from raising those issues on appeal. (Doc. No. 23 at 17-18).

### III.     ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

An ineffective assistance of counsel claim requires proof the petitioner's attorney provided deficient representation and that the attorney's deficient performance caused the petitioner to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance may be found to be deficient if it is "objectively unreasonable under prevailing professional norms." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). In order to establish prejudice, a defendant must show "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Hodges*, 727 F.3d at

534 (citing *Strickland*, 466 U.S. at 694). If a court "can more easily dispose of an ineffective-assistance-of-counsel claim for lack of prejudice, [it] need not consider counsel's alleged deficiencies in performance." *Winborn v. United States*, 602 F. App'x 298, 301 (6th Cir. 2015) (citing *Ross v. United States,* 339 F.3d 483, 492 (6th Cir. 2003)).

Davis claims his trial attorney committed "innumerable errors" and "continuously fell short of the promises and assurances offered to Mr. Davis." (Doc. No. 23 at 21). Despite the breadth of these assertions, Davis actually identifies only a few alleged errors. He claims counsel: (1) did not properly advise Davis about his "opportunity to speak on his own behalf during the proceedings"; (2) did not confer with Davis's employer about permitting Davis to return to work if he was granted bond; (3) mishandled Davis's attempts to expand on his acceptance-of-responsibility statement and failed to object to the entry of a 2-point reduction for acceptance of responsibility; and (4) failed to object to the entry of a sentence on the higher end of the Guidelines range. (*Id.* at 21-23). Davis also generally asserts trial counsel's performance was so deficient as to result in the complete denial of the right to counsel. (*Id.* at 25-26). Davis's claims are not meritorious.

First, Davis had an "opportunity" to speak for himself and he took it. He prepared and read a lengthy written statement expressing his regret for his conduct during the sentencing hearing. (Doc. No. 26 at 37-43). He has not identified any deficiencies in counsel's performance regarding this issue or any prejudice resulting from any alleged deficient performance.

Next, his claim regarding counsel's alleged failure to talk to Davis's employer is not cognizable in these proceedings, as it does not involve a claim that Davis's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

Further, Davis is wrong about the acceptance of responsibility reduction. He received a two-point reduction for acceptance of responsibility <u>and</u> an additional one-point reduction for providing notice of his intent to plead guilty in a timely manner. (Doc. No. 14 at 11). Moreover,

4

during the sentencing hearing, defense counsel disputed the government's position regarding the acceptance-of-responsibility reduction, contending Davis "articulate[d] his acceptance of responsibility in full." (Doc. No. 26 at 26). And I ultimately overruled the government's objection to Davis's acceptance-of-responsibility statement and "incorporated the three-point deduction for acceptance of responsibility in this case." (*Id.* at 19).

Davis also fails to show he was prejudiced by counsel's failure to object to my imposition of a sentence closer to the higher end of his Sentencing Guidelines range. I calculated the Guidelines range as 121 to 151 months, rejected the government's request for an upward variance, and imposed a sentence of 144 months. Thus, contrary to his claims, he did not receive an "enhanced" sentence. (*See* Doc. No. 23 at 23). And Davis cannot show he was prejudiced by the alleged failure to object because such an objection would have made no difference to the calculation of the appropriate Guidelines range or to the lawfulness of the within-Guidelines-range sentence I imposed. *Cf. Bullard v. United States*, 937 F.3d 654, 659-61 (6th Cir. 2019) (holding petitioner failed to show any prejudice resulting from purportedly improper sentence enhancement).

Finally, Davis fails to offer any evidence that he was completely denied the right to counsel. In *United States v. Cronic*, the Supreme Court held "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." 466 U.S. 648, 659 (1984). Davis's argument on this point amounts to a claim that the sum of counsel's purported errors is greater than its parts. But none of the alleged errors have anything to do with testing the government's case. With the exception of trial counsel's alleged failure to talk to Davis's employer about holding his job in case he was granted bond, all of the alleged errors occurred after Davis pled guilty to both counts of the indictment. He fails to cite to any case in which a court concluded similar facts rose to the level of a complete denial of counsel. Therefore, I reject this argument as well.

5

## IV. CONCLUSION

For these reasons, I deny Davis's § 2255 motion. (Doc. No. 23).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge